PEOPLE ex rel. CAUFFMAN et al. v. VAN BUREN et al.

(*Supreme Court, General Term, Fifth Department.* March, 1892.)

1. INJUNCTION—VIOLATION—POWER OF SURROGATE.
   A special surrogate has no power, on an *ex parte* application, to vacate an injunction granted by a county judge in an action brought in the supreme court; and where the person enjoined procures the special surrogate to make such order, and then does what was forbidden by the injunction, he is guilty of contempt.

2. SAME—AMOUNT OF FINE.
   Plaintiffs attached goods which had been levied on under an execution, and procured an injunction restraining a sale under the execution, on the ground that the judgment on which it was issued was void. The goods in question were sufficient to pay plaintiffs' claim. *Held*, that a sale in disobedience to the injunction would be punished by a fine to the amount of plaintiffs' claim, as plaintiffs, by their attachment, had acquired rights which were injuriously affected by such sale.

Appeal from special term, Monroe county.

Proceeding on the relation of Joseph Cauffman and others to punish John Van Buren and Frank Hopkins for contempt. From an order adjudging them guilty of the alleged contempt in violating an injunction order, and thereby defeating, impairing, impeding, and prejudicing the rights of the plaintiffs in the action of Joseph Cauffman and others against Hiram Klock and others, and that the loss to the plaintiffs thereby was $1,470.32, and fining the defendants that amount, and directing their imprisonment until they should pay the fine, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*M. M. Waters*, for appellants.    *William F. Cogswell*, for respondents.

LEWIS, J. The appellant Hopkins, as attorney, recovered judgments in favor of the First National Bank of Oswego, and in favor of Messrs. Mertens, Dissell, and others, respectively, against Hiram Klock and Edgar A. Tiffany. Klock & Tiffany were merchants owning a stock of goods in a store in the city of Oswego, N. Y. He had, as such attorney, issued executions upon

these judgments, and placed them in the hands of the appellant Van Buren, who was sheriff of the county of Oswego, and Van Buren had levied the executions upon the stock of goods of Klock & Tiffany. The respondents were creditors of Klock & Tiffany to the amount of $1,346.75, with some interest, and they commenced an action against them to recover their demand, and caused an attachment to be issued and levied upon said stock of goods. Such levy, however, was made after the levy under said executions. The plaintiffs, learning of the levy of the executions mentioned, and claiming that the judgments upon which they were issued were void, obtained an injunction order from the county judge of Monroe county, in an action in the supreme court, restraining Van Buren, as the sheriff of Oswego county, and the plaintiffs in the judgments upon which the executions had been issued, their attorneys, etc., from selling or in any manner interfering with the said stock of goods by virtue of the executions, until the further order of the court, and staying all proceedings on the part of the plaintiffs under said judgments until the final determination of the action. Copies of the injunction order were duly served upon the appellants. They, however, proceeded in disregard of the injunction order, and caused the goods to be sold by virtue of the executions. The sale was to Mr. Hopkins for the sum of $17,000; that being about the amount necessary to satisfy the executions. Before proceeding to sell the goods under the executions, the appellant Hopkins procured from L. W. Baker, special surrogate in and for Oswego county, upon an *ex parte* application therefor, an order purporting to vacate and set aside the said injunction order granted by the Monroe county judge. These proceedings were thereupon instituted to punish the appellants for disobedience of the injunction order, and the order appealed from was made, imposing a fine upon them for the full amount of the claim of the respondents, amounting, with interest and costs, to the sum of $1,470.32. We agree with the conclusions of the trial justice, that the special surrogate of Oswego county had no jurisdiction to make the order he did. It was the duty of the defendants to obey the injunction order while it was in force. If, as they claim, the injunction order was improvidently granted, they should have taken proceedings and obtained an order vacating it.

It is contended by the defendants' counsel that the evidence presented to the trial court failed to establish that the plaintiffs sustained any damages in consequence of the violation by them of the injunction order, and insist that the sale under the executions did not change or affect the rights of the plaintiffs under their attachment. The plaintiffs concededly had a levy upon property of sufficient value to pay their debt. The defendants, in violation of the injunction order, sold the property by virtue of executions which had been levied upon the property prior, in point of time, to the levy of plaintiffs' attachment. Hopkins thereby obtained a *prima facie* title to the property, and apparently destroyed the lien of plaintiffs' attachment; thereby converting the attached property to his own use, in defiance of the attachment. The defendants' contention then and still is that their execution was a lien upon the property superior to the plaintiffs' attachment. Had they thought otherwise, they could, when these contempt proceedings were commenced, at once have taken proceedings to render nugatory the sale made in violation of the injunction order, and thereby have purged themselves of their contempt. Instead of taking such a course, they contended at the trial, and still insist, that their proceedings were entirely regular and legal. The plaintiffs made a *prima facie* case against the defendants, which justified the making of the order appealed from. The defendants having, as we think, failed to make out a defense, the order appealed from should be affirmed, with costs.

All concur.